

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00032-CR

ADRIAN ANTOINE DUNN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 187th District Court
Bexar County, Texas[1]
Trial Court No. 2018CR11330, Honorable Joey Contreras, Presiding

August 7, 2019

## ORDER OF ABATEMENT AND REMAND

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, Adrian Antoine Dunn, appeals his conviction for murder[2] and sentence to life imprisonment. Appellant's brief was originally due June 10, 2019. We granted appellant's appointed counsel, Ms. Suzanne Kramer, an extension until July 10 to file a brief, but a brief was not filed by this deadline. By letter of July 17, 2019, we notified

---

[1] By order of the Texas Supreme Court, this appeal was transferred to this Court from the Fourth Court of Appeals. TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] TEX. PENAL CODE ANN. § 19.02 (West 2019).

appellant's counsel that the brief was overdue and admonished her that failure to file a brief by July 29 would result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice.  To date, appellant's counsel has not filed a brief or had any further communication with this Court.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings.  TEX. R. APP. P. 38.8(b)(2), (3).  Upon remand, the trial court shall determine the following:

1.      whether appellant still desires to prosecute the appeal;

2.      whether appellant is indigent;

3.      whether appellant's counsel has abandoned the appeal;

4.      why a timely appellate brief has not been filed on behalf of appellant;

5.      whether appellant has been denied the effective assistance of counsel;

6.      whether new counsel should be appointed; and

7.      if appellant desires to continue the appeal, the date the Court may expect appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions.  So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by September 6, 2019.  If it is determined that appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint him new counsel; the name, address, email address, phone number, and state bar number of any newly-appointed counsel shall be included in the aforementioned findings.  Should

further time be needed to perform these tasks, then same must be requested before September 6, 2019.

It is so ordered.

Per Curiam

Do not publish.